UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
In re:                                                            :   Chapter 7
                                                                  :
Mithra Medical Supplies Inc. *aka* Mithra Tattoo                  :   Case No. 23-73240-ast
Supplies,                                                         :
                                                                  :
                         Debtor.                                  x
------------------------------------------------------------------ :
Marc A. Pergament, Chapter 7 Trustee of the Estate of             :   Adv. Pro. No. 24-08067-ast
Mithra Medical Supplies Inc. a/k/a Mithra Tattoo                  :
Supplies,                                                         :
                                                                  :
                         Plaintiff,                               :
        v.                                                        :
                                                                  :
Yue Xu,                                                           x
                                                                  
                         Defendant.
------------------------------------------------------------------

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT

**I.    PROCEDURAL HISTORY**

   **A. Bankruptcy Case**

On September 1, 2023, Mithra Medical Supplies Inc. *aka* Mithra Tattoo Supplies ("Debtor") filed a voluntary petition (the "Petition") for relief under chapter 7 of the Bankruptcy Code under Case No. 23-73240-ast (the "Bankruptcy Case"). Rick Li is listed on the Petition as the President of Debtor.

On September 5, 2023, Marc A. Pergament was assigned trustee of this Bankruptcy Case to administer the estate of Debtor.

   **B. Adversary Proceeding**

On June 26, 2024, Marc A. Pergament, Chapter 7 Trustee of the Estate of Mithra Medical Supplies Inc. a/k/a Mithra Tattoo Supplies ("Plaintiff") commenced the above-captioned adversary

proceeding (the "Adversary Proceeding") against Yue Xu ("Defendant") by filing the complaint. Compl., Adv. Pro., Dkt. 1. Plaintiff alleges that Defendant is a relative of Rick Li and is otherwise an "Insider" of Debtor as that term is defined under 11 U.S.C. § 101(31) and the New York Uniform Voidable Transactions Act ("NYUVTA"). *Id.* ¶¶ 13, 14.

By virtue of this Adversary Proceeding, Plaintiff is seeking, *inter alia*, to recover for the benefit of Debtor's estate two transfers which were allegedly made to Defendant within the four years pre-Petition pursuant to 11 U.S.C. §§ 548(a)(1)(A), 550 and 551. *Id.* ¶¶ 11, 12, 33-127. The first set of transfers allegedly occurred four years pre-Petition during the period of time from June 15, 2020 to August 15, 2023 in the sum of not less than $177,690.92. *Id.* ¶ 11. The second set of transfers allegedly occurred two years pre-Petition during the period of time from September 15, 2021 to September 1, 2023 in the sum of not less than $112,135.69. *Id.* ¶ 12.

According to the affidavit of service, Plaintiff served Defendant with a copy of the summons and complaint on June 28 by first class mail. Affd. of Service, Adv. Pro., Dkt. 3. At the time of this service, Defendant was not listed as having counsel of record. An answer or responsive pleading to the complaint was due by July 29, as required by Rules 8 and 12 of the Federal Rules of Civil Procedure (the "Federal Rules"). Defendant did not file an answer or otherwise respond to the complaint by July 29.

C. **The Motion**

On August 6, Plaintiff filed a motion seeking entry of a judgment by default (the "Motion") in favor of Plaintiff against Defendant to recover from Defendant as a fraudulent conveyance the aggregate amount of $177,690.92 pursuant to Federal Rule 55, as incorporated by Rule 7055 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Mot., Adv. Proc., Dkt. 4. The Motion was served on Defendant, the Office of the United States Trustee,

counsel for the Debtor, and counsel for Anthony Chow. Affd. of Service, Adv. Pro., Dkt. 5; Decl. of Service, Adv. Pro., Dkt. 6.

Defendant's deadline to respond to or otherwise object to the Motion was August 26. On August 12, Defendant, through counsel, filed an answer to the complaint. Ans., Adv. Proc. Dkt. 7.

On August 26, Defendant, through counsel, filed opposition (the "Opposition") to the Motion. Decl. in Opp., Adv. Proc., Dkt. No. 8.

## II.  LEGAL STANDARD

Federal Rule 55(b)(2) provides that the Court may enter a default judgement when parties timely fail to plead or otherwise move to defend a lawsuit. FED. R. CIV. P. 55(b)(2). Courts do not favor entry of a default judgment because it is a "harsh and drastic remedy." *Carlton v. Pollack (In re Carlton)*, 72 B.R. 543, 547 (Bankr. E.D.N.Y. 1987). Courts prefer to decide cases on their merits. *Id.*; *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 172 (2d Cir. 2001) ("Courts ha[ve] held that strong public policy favors resolving disputes on their merits and that although courts have an interest in expediting litigation, abuses of process may be prevented by enforcing those defaults that arise from egregious or deliberate conduct.") (internal quotations omitted). Thus, "[a]s a general rule, the entry of a default judgment is discretionary with the judge." *Carlton*, 72 B.R. at 547.

Because default judgments are generally disfavored, they are reserved for rare occasions. *Enron Oil Corp. v. Diakuhara*, 10 F. 3d 90, 96 (2d Cir. 1993). Federal Rule 55(c) provides, "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." FED. R. CIV. P. 55(c). "Good cause" and the criteria of the Federal Rule 60(b) set aside should be construed generously. *Enron Oil Corp.*, 10 F.3d at 96; *see also Meehan v. Snow*, 652 F.2d 274, 277 (2d. Cir. 1981). Absent a clear

pattern of delay and contumacious conduct by the defaulting party, courts will generally not grant a default judgment. *Carlton*, 72 B.R. at 547.

III.   ANALYSIS

The issue here is whether a default judgment should be entered against Defendant who filed a late answer to the complaint. This Court has determined that default should not be entered.

The Motion was filed just a month after Defendant's deadline to respond to the complaint expired. Opposition was timely filed on August 21, five days prior to the objection deadline of August 26. Defendant's answer was filed even earlier than that on August 12, albeit untimely, just two weeks after the original deadline to respond expired.

In Opposition, Defendant argues that she did not receive "proper legal service in this matter as she is currently living in China." Opp. ¶ 1. According to Defendant, that is why she did not receive the copy of the summons and complaint mailed to the address in Levittown, New York nor did she sign the return receipt for such delivery because she has been living in China. Ex. 1 to Opp., Decl. of Xu, ¶ 3. Furthermore, Defendant states she first saw the summons and complaint after her attorney received the Motion which the summons and complaint were attached to. *Id.* ¶ 5. Defendant argues that judgment by default should not be entered against her because she has meritorious defenses to the Adversary Proceeding and has filed her answer prior to the presentment date of the Motion. *Id.* ¶¶ 6, 7.

When the Adversary Proceeding was commenced and at the time the complaint was served, there was no indication of an attorney of record listed on behalf of Defendant or evidence that Defendant had retained counsel to represent her in the Adversary Proceeding until the filing of the answer and Opposition by Oliver Zhou. The Court is cognizant of special deference which is given to *pro se* litigants and the discretion that is granted to this Court to decide the Motion. *Addison v.*

*Reitman Blacktop, Inc.*, 272 F.R.D. 72, 79 (E.D.N.Y. 2010) ("[T]he Court bears in mind the general rule that where a defendant is proceeding *pro se*, he should be afforded 'extra leeway in meeting the procedural rules governing litigation and trial judges must make some effort to protect a party so appearing from waiving a right to be heard because of his or her lack of legal knowledge.'") (citing *Enron Oil Corp.*, 10 F.3d at 96); *Rupert v. Krautheimer (In re Krautheimer)*, 210 B.R. 37, 44 (Bankr. S.D.N.Y. 1997); *see also McKeon Law Grp. V. Brainard (In re Brainard)*, No. 13-22251 (AMN), Adv. Pro. No. 19-2012 (AMN), 2022 WL 3363791, at *8 (Bankr. D. Conn. Aug. 12, 2022) (citing *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010)).

Defendant's answer to the complaint was filed just two weeks after the deadline to answer expired. There is no evidence before the Court which suggests that such delay was done in bad faith or that the delay arose from egregious or deliberate conduct. The Court finds that Defendant has a credible excuse for the delay in responding to the complaint in this Adversary Proceeding and no default should be entered against Defendant.

Moreover, Plaintiff has not met the burden of demonstrating such prejudice that entry of a default is now necessary. In fact, Plaintiff does not address any concerns of prejudice whatsoever. "A plaintiff may demonstrate prejudice by showing that his 'ability to pursue the claim has been hindered since the entry of the judgment' or by 'the loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment.'" *Addison*, 272 F.R.D. at 82. The Second Circuit has held that delay alone is not a sufficient basis for establishing prejudice. *Enron Oil Corp.*, 10 F.3d at 98.

The Court is reluctant to find that Plaintiff is prejudiced by Defendant's two-week delay in answering the complaint, especially since Defendant was initially *pro se* in the Adversary Proceeding. Defendant has now appeared in this action, responded to the complaint, and retained

counsel to defend her in the Adversary Proceeding. Both parties should be afforded the opportunity to conduct discovery as needed and present evidence to the Court in support of their claims and defenses regarding the Adversary Proceeding.

After due deliberation, the Court has determined that sufficient cause does not exist to grant the Motion.

Accordingly, it is hereby

**ORDERED**, that the Motion is denied.



Dated: September 30, 2024
      Central Islip, New York

_____
Alan S. Trust
Chief United States Bankruptcy Judge